# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 50247 | **DATE** | 9/04/2008 |
| **CASE TITLE** | U.S.A. vs. Anthony Green | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the § 2255 motion, denies the request for an evidentiary hearing, and dismisses this cause in its entirety.

*Philip G. Reinhard*

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Anthony Green, a federal prisoner, filed a motion pursuant to 28 U.S.C. § 2255, seeking to set aside or vacate his convictions for armed bank robbery, 18 U.S.C. § 2113(a), possession of a firearm during and in relation to the robbery, 18 U.S.C. § 924(c), possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), and the imposition of a sentence of 384 months' imprisonment. The government has filed a response,[1] and Green has filed a reply.[2]

Green filed a direct appeal in which his appellate attorney submitted an Anders brief and a motion to withdraw. His attorney did contend that Green was entitled to a limited remand pursuant to United States v. Booker, 543 U.S. 220 (2005), and United States v. Paladino, 401 F.3d 47 (7th Cir. 2005).[3]

Green, acting pro se, filed a supplemental brief in his direct appeal, in which he raised a number of issues. The Court of Appeals, in an unpublished order, held that none of the issues raised by Green, save three, warranted any discussion. See United States v. Green, No. 04-1723, slip op. at 4 (7th Cir. Oct. 11, 2005). As for the three issues actually discussed, the Court of Appeals held that the pretrial identifications based on the photo arrays need not have been suppressed. Slip op. at 4-5. The Court of Appeals further held that it was not plain error for the court to have allowed a DNA expert to testify based on another lab technicians test results. It also held that no plain error occurred when Green was not given the lab technicians notes and reports because Green failed to specify how such materials would have assisted him or as to the extent of any prejudice he suffered from not having those materials. Lastly, the Court of Appeals rejected his pro se argument that this court unduly restricted his cross-examination of Kennedy, a co-defendant who testified against him. Slip op. at 5-6.

In the present motion, Green sets forth numerous claims, many of which are cast in terms of the ineffective assistance of trial counsel. The court will first address those claims not related to the ineffective assistance of counsel.

A § 2255 motion is neither a recapitulation of nor a substitute for a direct appeal. Varela v. United States, 481 F.3d 932, 935 (7th Cir. 2007). Issues that were raised on direct appeal may not be reconsidered in a § 2255 proceeding absent changed circumstances. Varela, 481 F.3d at 936. Additionally, a defendant who fails to raise an issue on direct appeal is barred from raising it in a § 2255 motion absent a showing of both good cause and actual prejudice resulting from the failure to raise it. Mankarious v. United States, 282 F.3d 940, 943 (7th Cir. 2002).

In this case, Green claims that the prosecutor acted improperly by introducing government exhibit 20, a photograph of Green that was used in his prior bank robbery trial, and the testimony of witnesses at that trial who had

**STATEMENT**

viewed the photograph as part of an identification array. He further claims that the government failed to turn over notes of an FBI lab technician who conducted DNA testing. Both of these claims were raised on direct appeal and may not be reconsidered in this proceeding. To the extent they could have been raised but were not, Green has not argued, much less shown, any cause and prejudice to justify excusing any waiver in this case. Accordingly, the claims unrelated to ineffective assistance of counsel are denied.

That leaves Green's claims of ineffective assistance of trial counsel, which can be raised for the first time in a § 2255 motion. See Fuller v. United States, 398 F.3d 644, 648 (7th Cir. 2005). To establish ineffective assistance of counsel, a defendant must show counsel's performance was deficient and that such deficiency prejudiced the case. Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007). Trial counsel's performance will not be considered deficient unless it fell below an objective standard of reasonableness. Almonacid, 476 F.3d at 521. There is a strong presumption that trial counsel's performance within a wide range of reasonably professional assistance and will not be judged in hindsight. Almonacid, 476 F.3d at 521. To show prejudice, a defendant must show there is a reasonable probability that but for counsel's deficiency, the result of the proceeding would have been different. United States v. Halten-Lubick, 525 F.3d 575, 579-80 (7th Cir. 2008).

Green's first claim of ineffective assistance is that trial counsel, in presenting his motion to suppress evidence, should have pointed out that the return date on the search warrant was earlier than the issue date. This argument fails as the discrepancy was brought to the court's attention by the government. Therefore, any deficiency did not prejudice Green in this case.

Green's second claim is that his attorney failed to object to the introduction of a government exhibit consisting of a photograph of Green that was used in his 2000 bank robbery trial and therefore constituted evidence of the prior bank robbery improperly introduced at his most recent trial. This argument is frivolous at best as the photo was never connected to the prior robbery or robbery trial. Additionally, the claim that it was improperly introduced at trial was so lacking in merit as to not warrant discussion on direct appeal. Thus, trial counsel was not deficient for failing to object to its introduction.

Green's third ineffectiveness claim, that his trial counsel failed to object to identifications based on the previously discussed photograph, fails because his attorney did in fact object and the issue of the identifications was rejected by the Court of Appeals on direct appeal. The claim also fails to the extent Green is contending that his trial counsel was ineffective for not objecting on the basis that the identifications were tainted by using a photo connected to his pervious armed robbery trial as there was no evidence of any such connection being made during any of the identifications or at the trial itself.

Green's next claim is that his attorney was ineffective because he failed to interview certain government witnesses before trial and as a result failed to discover impeachment material. This claim is rejected as Green has neither made a showing of what impeachment material was not discovered nor how such material would have affected the outcome of his trial.

Green's claim of ineffectiveness based on his trial counsel's failure to object to the FBI expert's DNA testimony fails as the Court of Appeals rejected his challenge to that testimony on direct appeal. The failure to object was therefore of no material consequence.

In a related claim, Green contends trial counsel was ineffective for not seeking the notes and reports prepared by the FBI lab technician who actually conducted the DNA testing. The issue regarding any reports or notes was rejected on direct appeal, and there is no indication that if any such notes or reports existed that they would have been beneficial to Green's defense. No prejudice has been shown related to the failure to seek such materials.

Green's next claim is that his attorney was ineffective for failing to have a fingerprint expert testify that no fingerprints useful for comparison were found on the discarded revolver. Such testimony, however, would not have affected the outcome of the trial considering all the other evidence against Green as well as the fact that the absence of usable fingerprints on the revolver would have proved little.

Green next asserts that his trial counsel was ineffective for failing to interview and call Taneisha Mack as a witness. According to a police report, Ms. Mack observed the robber enter the bank and exit carrying money in his hand. After viewing a photo array, she said she could not be sure if the robber was in the array but that she might be able to identify him in person. This claim fails as the decision whether to have Ms. Mack testify was a matter of trial strategy. Further, there has been no showing what else, if anything, would have been learned from interviewing Ms. Mack. Finally, even if Ms. Mack had testified that she could not be sure if Green's photo was in the array, such

**STATEMENT**

testimony would not have made a difference in this case.

Green's next claim is that his attorney was ineffective for stipulating, without further investigation, that the bank's deposits were insured by the FDIC. This argument borders on being frivolous as an affidavit by an FBI special agent stated that bank officials told him the deposits were FDIC insured. Reliance on the affidavit as a basis for the stipulation was entirely reasonable and within the realm of professional competence.

In his next claim, Green revisits the issue of the notes of the lab technician who conducted the DNA testing and argues that trial counsel was ineffective for failing to notify the court of a discovery violation based on the government's failure to disclose the notes. Green has simply failed to show that anything material or exculpatory was contained in the notes and therefore no prejudice has been shown.

Green's remaining claims all emanate from his counsel's alleged ineffectiveness related to Green's decision to plead not guilty and go to trial. The first is that counsel failed to inform Green of a plea agreement offer by the government. The government responds unequivocally that no plea agreement was ever offered, and Green has no evidence to refute that. A letter from the government to Green's attorney that mentions the timing of "any possible" plea agreement is no evidence that one was ever offered.

Green next maintains that his attorney did not advise him of the strength of the government's case and initiate plea negotiations. As the government notes, Green has not shown how he was prejudiced as there is no indication the government would have entertained a plea agreement considering Green's extensive and serious criminal background and the use of a firearm during the charged offense. As for any decision to plead not guilty, there is no indication that Green did not make that decision himself. As for any advice trial counsel may have given in that regard, such advice would be a matter of professional judgment based in large part on the potential evidence in the case and in light of Green's criminal background.

Green also argues that if he knew about the potential sentence under the Guidelines he would have pleaded guilty and obtained a reduction for acceptance of responsibility. This claim fails for the simple reason that it is based on total speculation. There is no way to determine what Green's sentence would have actually been had he pleaded guilty without any agreement as opposed to going to trial and being found guilty. Nor could trial counsel be expected to advise Green to any degree of certainty in that respect. It is undisputed that Green was facing a lengthy prison sentence either way and in light of the potential evidence against him it was a reasonable option to advise him to go to trial. The fact that Green chose to do so and now, in hindsight, regrets that decision does not render counsel's performance defective. This is also true of Green's claim that counsel should have advised him to plead guilty, and that claim falters as well.

Green's last claim is that counsel advised him not to testify and that he did not know it was his decision alone. This contention is belied by the court's colloquy with Green in which he stated on the record that his attorney advised him of his right to testify, that he knew he had the right to testify, and that it was his decision to not testify. Any advice by trial counsel regarding whether Green should testify was merely that, advice, and was well within the professional competence of his attorney.

For the foregoing reasons, the court denies the § 2255 motion, denies the request for an evidentiary hearing as it conclusively appears from the motion, the attached exhibits and affidavit, and the record itself that Green is entitled to no relief, see <u>Almonacid</u>, 476 F.3d at 521, and dismisses this cause in its entirety.

---

1. The government was previously granted leave to file a late response.

2. Green's reply exceeds 15 pages and was filed about two weeks beyond the scheduled due date. The court grants leave to file a late and over length brief. The court also allows Green to file his affidavit in support of his motion.

3. Upon remand, this court stated it would impose the same sentence had the Guidelines been advisory. On Green's appeal following remand, this court was affirmed, and Green's petition for writ of certiorari was denied.